

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-93,371-01 & WR-93,371-02

**Ex Parte MATHIEU KANYABITABO AKA MATHIEU KANYBITABO, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 13819-D & 14123-D IN THE 350TH DISTRICT COURT
### FROM TAYLOR COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY and SLAUGHTER, J., joined.

### DISSENTING OPINION

The Court grants Applicant a new punishment hearing on both of his convictions. I dissent for two reasons.

First, after a live hearing, the habeas court made express, nuanced findings of fact regarding the credibility of the witnesses and their testimony, and the court recommended denying relief. The credibility findings support the court's recommendation. For reasons unstated, this Court declines to defer to those findings and grants Applicant a new punishment hearing. I would defer to the habeas court's credibility findings.

Second, on an ineffective-assistance claim, it is an applicant's burden to show that there is

a reasonable probability that, but for counsel's errors, the sentencing judge would have reached a more favorable penalty phase verdict.[1]  The habeas judge in this case was also the sentencing judge—the same judge who heard the evidence, assessed Appellant's punishment the first time around, and now recommends denying relief.  The judge has already considered the new mitigating evidence, and he believes it, but he still recommends denying relief.  This means that, looking backwards, he has concluded that he would not have assessed a shorter sentence had he known about the new mitigating evidence.  Applicant has therefore not shown a reasonable probability that the new evidence would have resulted in a more favorable penalty phase verdict.[2]  I respectfully dissent.

Filed:  March 29, 2023
Do not publish

---

[1]  *Ex parte Rogers*, 369 S.W.3d 858 (Tex. Crim. App. 2012).

[2]  Applicant was convicted of assault and theft.  In the assault case, he shot a gun into a car full of people (hitting one in the head) because someone had mocked a friend's death and someone had threatened another friend.  In the theft case, while he was in eleventh grade, Applicant stole three gold chains and a gold cross worth over $2,500 from a jewelry store.  His punishment was assessed at thirteen years for the assault and sixteen months for the theft.